IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. CLARK; KIM MILLER; DENA ) <br> CARLSON; RORY YORK; and DIANE ) <br> KAUFMANN; ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV08-560-S-EJL <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss and/or for Summary Judgment which was filed on June 19, 2009. *Docket No. 17*. Plaintiff was mailed the Notice to Pro Se Litigants of the Summary Judgment Requirements on June 26, 2009. *Docket No. 19.* Plaintiff was given two extensions to file a response to the motion to dismiss. Plaintiff was given until October 27, 2009 to file a response. As of November 3, 2009, no response has been filed by Plaintiff.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Memorandum Decision and Order – 1**

Failure to File a Response

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The District of Idaho's Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(e).

However, pursuant to *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless the movant's papers are sufficient to support the motion or the movant's papers on their face reveal no genuine issue of material fact. *See also Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial). Accordingly, the Court will evaluate the motion to dismiss and for summary judgment on the merits.

**Background**

Plaintiff Mike Williams ("Williams") came into Idaho Department of Corrections ("IDOC") custody on December 6, 2001. Plaintiff has been housed at the Idaho Maximum Security Institution ("IMSI") since January 28, 2009. Plaintiff was housed at the Idaho Correctional Institution Orofino ("ICIO") from August 12, 2002 to January 27, 2009.

**Memorandum Decision and Order – 2**

Plaintiff claims Defendants Robert Clark, M.D., Rory York, N.P. and Diane Kaufmann, R.N. (collectively referred to as the "CMS Defendants") provided Plaintiff with improper medical treatment or denied him necessary medical treatment while he was incarcerated at the ICIO.  Specifically, while at ICIO, Plaintiff alleges the CMS Defendants[1] gave him the wrong medicated cream and forced Plaintiff to sign the consent form under duress authorizing Navane, an antipsychotic medication.  Plaintiff also claims he should not be required to take Navane. CMS Defendants claim Plaintiff failed to exhaust the administrative remedies available to him for this Eighth Amendment claims of deliberate indifference to Plaintiff's medical condition.

## Motion to Dismiss

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v.*

---

[1] In the Court's Initial Review Order, *Docket No. 7*, Plaintiff was only allowed to proceed with his claims against these named defendants and the claims against the other named individuals were not allowed to go forward..

[2] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**Memorandum Decision and Order – 3**

*Ngo*, 548 U.S. 81, 88 (2006). The test is whether the administrative remedies were exhausted when the complaint was filed. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The complaint must be dismissed without prejudice even if the administrative remedies are exhausted while the litigation is pending. *Id.*

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103. In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id.* at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him." *Id.* at 87.

Failure to exhaust remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 210 (2007). Therefore a motion to dismiss based on failure to exhaust remedies should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002). In deciding a motion to dismiss for failure to exhaust administrative remedies, a

**Memorandum Decision and Order – 4**

court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

### B.     Grievance Process of the Idaho Department of Correction

The IDOC administrative grievance process consists of three stages at both the ICIO and the IMSI prisons and is available to all inmates. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most directly involved" with the inmate's issue. *Affidavit of Loy Mechling* (Docket No. 17-3) at ¶ 5. If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. *Mechling* at ¶ 6.

When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. *Mechling* at ¶ 6-7. The Grievance form must contain specific details such as the nature of the complaint, dates, places and names as well as the informal action taken to resolve the complaint. *Id.* A grievance form must be filed within 30 days fo the incident or problem. *Id.* at ¶ 6. Medical grievances are routed through the health services administrator fo a response. *Id.* at ¶ 8.

If the grievance form is not properly completed, the grievance counselor shall return the grievance to the offender using the Grievance/DOR Appeal Transmittal Form indicating the deficiencies with the grievance form. *Exhibits A-C to Mechling Affidavit*.

**Memorandum Decision and Order – 5**

If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision. *Mechling* at ¶ 9. The appellate authority is the warden, except for medical grievances which are reviewed by the Regional Manager or Vice President of IDOC's medical contractor. *Mechling* at ¶ 10. Not until the completion of all three of these steps--Concern Form, Grievance Form, and grievance appeal--is the grievance process exhausted. *Id.* at ¶ 11.

Prior to November 2007, the IDOC did not keep records of grievances submitted by inmates if those grievances were not processed for some reason. Since November 2007, all grievances are logged and recorded at ICIO, even those that are not processed. *Mechling* at ¶ 13. Grievances at the ICIO and the IMSI are logged into a computer database, which is searchable by an inmate's name or IDOC number, or by year. *Id.* at ¶ 11.

Plaintiff's Complaint was filed on December 24, 2008. *Docket No. 2.* Loy Mechling is the grievance coordinator for ICIO. Mr. Mechling searched the grievance database and no grievances were filed by Plaintiff since August 1, 2008. There is there any record of a grievance on the issues raised in the Complaint prior to August 1, 2008.

**C.     Did Plaintiff exhaust his administrative remedies?**

The Defendants carried their burden by checking the grievance data base and record for grievances by the Plaintiff. The grievance coordinator at ICIO did not find any medical grievances filed by Plaintiff relating to the issues raised in the Complaint. Plaintiff has not come forward with any evidence of a grievance and appeal to indicate he exhausted of the available administrative remedies. As discussed earlier, this defect can not be cured after the

**Memorandum Decision and Order – 6**

Complaint is filed. The Court concludes based on the record before it that Plaintiff did not exhaust his administrative remedies and his claims must be dismissed without prejudice.

## Order

Being fully advised in the premises, the Court hereby orders that Defendants' Motion to Dismiss and/or for Summary Judgment (*Docket No. 17)* is GRANTED and the Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

DATED: **November 9, 2009**

Honorable Edward J. Lodge
U. S. District Judge